FILED
2010 Oct-06  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMIE GOODGAME, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | |
| TRAVEL NURSE SOLUTIONS, LLC, | ) | |
| A CORPORATION AND, | ) | |
| PAUL GUNNOE, AN INDIVIDUAL, | ) | JURY DEMAND |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4), and the pendent jurisdiction of this Court. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," and Plaintiff's pendent State law claims. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Plaintiff's State law claims and claims pursuant to 42 U.S.C. § 2000e *et seq.*, providing injunctive and other relief against gender discrimination, sexual harassment, hostile environment and retaliation in employment.

2. Plaintiff, Jamie Goodgame, has fulfilled all conditions precedent to this

1

institution of this action under Title VII of the "Civil Rights Act of 1964," as amended. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff has filed suit within 90 days of receipt of her Notice of Right to Sue.

## PARTIES

3.     Plaintiff, Jamie Goodgame, is a female citizen of the United States and is a resident of Pell City, Alabama. Plaintiff began working for the Defendant in April 2008.

4.     Defendant, Travel Nurse Solutions, is a business entity doing business in Alabama. At all times relevant to this action, the Defendant has maintained and operated a business in Alabama. The Defendant is engaged in an industry affecting commerce, has had fifteen or more employees and is an employer within the meaning of 42 U.S.C. § 2000e - (b)(q) and (h).

5.     Defendant, Paul Gunnoe, is an adult over the age of nineteen and is a resident of Birmingham, Alabama.

## STATEMENT OF PLAINTIFF'S TITLE VII CLAIMS

### FACTS

6.     Plaintiff realleges and incorporates paragraphs one (1) through five (5) as if fully set out in detail herein below.

2

7.  Plaintiff, Jamie Goodgame, was hired to work for the Defendant Travel Nurse Solutions, LLC, around April of 2008, and worked as a Benefits Administrator in Human Resources. Almost immediately after Plaintiff began working for the Defendant, she was subjected to unwelcome sexual advances and harassment.

8.  Plaintiff avers that the male Owner, Paul Gunnoe, ("Gunnoe"), harassed her and engaged in conduct that created a hostile work environment.

9.  Gunnoe told Plaintiff the only way to get her attention was with a "french tickler feather."

10. Plaintiff had some vitamins at work one day and an employee was talking to Plaintiff about her vitamins. Gunnoe told the employee to give Plaintiff back her "horny goat weed."

11. On one occasion, Gunnoe made comments to Plaintiff referring to her as a stripper. Gunnoe told Plaintiff, "I bet you have a bunch of one dollar bills from last night, oh wait, I bet you don't get ones, you are more of a fives type girl."

12. Plaintiff contends the work environment was sexually hostile and offensive. Gunnoe's father came to the office one Halloween dressed as a condom.

13. Gunnoe has also referred to Plaintiff as "toothless" in the presence of other employees, and stated Plaintiff looked like she came from a trailer park and was "trailer trash."

3

14.    Plaintiff complained on several occasions to Human Resources about the sexually offensive conduct and hostile work environment. Human Resources employees also witnessed Gunnoe's sexually harassing conduct toward Plaintiff.

15.    Gunnoe continued to engage in sexually offensive and harassing behavior and engage in conduct that created a hostile work environment after Plaintiff complained. No action was taken to prevent Gunnoe's illegal conduct.

16.    On or about July 15, 2009, Plaintiff was terminated and told her position was allegedly being eliminated. Plaintiff's position was an important position and Defendant could not eliminate Plaintiff's position, as Plaintiff's job duties had to be performed and were necessary to the Defendant's business operation.

17.    Other employees in Human Resources, who did not engage in protected activity, were not laid off. Plaintiff was able to perform the job responsibilities of these employees, however, they were not able to perform Plaintiff's job duties. There was no legitimate reason to terminate Plaintiff.

18.    Plaintiff was terminated because of her complaints and protected activity and because she objected and refused Gunnoe's sexual advances.

## COUNT ONE

### TITLE VII SEXUAL HARASSMENT & HOSTILE ENVIRONMENT CLAIMS AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC

4

19. Plaintiff adopts and realleges the allegations of paragraphs one (1) through eighteen (18) as if fully set forth herein.

20. Plaintiff avers, based on the facts set forth herein, that while she was employed by Defendant Travel Nurse Solutions, LLC, she was sexually harassed and forced to endure a sexually offensive and hostile environment. Plaintiff was sexually harassed by the owner, Paul Gunnoe on a constant and frequent basis.

21. Plaintiff avers Defendant Travel Nurse Solutions, LLC condoned and tolerated the sexual harassment and/or hostile environment. The Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended.

22. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

23. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

24. The Plaintiff has satisfied all administrative prerequisites to bring this claim.

5

## PRAYER FOR RELIEF AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991;" and,

b.      Grant Plaintiff a permanent injunction enjoining Defendant, its Agent Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991;" and,

c.      Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, punitive damages, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S RETALIATION CLAIMS AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC

6

25.   Plaintiff adopts and realleges paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26.   Plaintiff avers she has been denied pay, denied positions, denied work assignments, and terminated in retaliation for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and her termination.  Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of the Civil Rights Act of 1866, as amended. The Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

27.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### PRAYER FOR RELIEF AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991;" and,

b.     Grant Plaintiff a permanent injunction enjoining Defendant, its Agent Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991;" and,

c.     Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, punitive damages, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

### PENDENT STATE LAW CLAIMS

### COUNT THREE

### NEGLIGENT HIRING, SUPERVISION, TRAINING & NEGLIGENT RETENTION CLAIMS AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC

28.    Plaintiff adopts and realleges the allegations of paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29. Plaintiff's claims based on statutory and common law of the State of Alabama arise out of the same facts and incidents which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

30. Defendant Travel Nurse Solutions, LLC, negligently hired, trained, supervised and retained Paul Gunnoe who subjected Plaintiff to sexual harassment, a sexually hostile environment, invasion of privacy and outrage. As a result of such, Plaintiff was caused to be sexually harassed, forced to endure a hostile environment, have her privacy invaded and to suffer outrage, mental anguish, shame, embarrassment and humiliation.

31 Defendant Travel Nurse Solutions, LLC, knew, or clearly should have known, of Gunnoe's unfitness for his position and the feasibility of his continuance to sexually harass Plaintiff. Defendant Travel Nurse Solutions, LLC failed to take steps to prevent male employees from sexually harassing the Plaintiff. Defendant Travel Nurse Solutions, LLC ratified, authorized and/or condoned the actions of Gunnoe who sexually harassed the Plaintiff and subjected her to a hostile environment.

32. Plaintiff avers Defendant Travel Nurse Solutions, LLC, is guilty of the negligent hiring, training, supervision and negligent retention of male employees. As

a result of the illegal conduct of Defendant Travel Nurse Solutions, LLC, Plaintiff has suffered financially, physically and emotionally.

### PRAYER FOR RELIEF AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC

WHEREFORE Plaintiff demands judgment against Defendant Travel Nurse Solutions, LLC, for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney's fees, and any and all relief to which she may be entitled.

### COUNT THREE

### INVASION OF PRIVACY CLAIMS AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC AND PAUL GUNNOE

33.    Plaintiff adopts and realleges the allegations of paragraph one (1) through thirty-two (32) as if fully set forth herein.

34.    Plaintiff's claims based on the statutory and common law of the State of Alabama arise out of the same facts and incidents which are set forth herein and are the subject of the Plaintiff's claims based upon Federal Law and are within the pendent jurisdiction of this Court.

35.    Defendant Paul Gunnoe, who was employed in a managerial/supervisory capacity by Defendant Travel Nurse Solutions, LLC, engaged in a pattern and/or

10

habit of conduct that constituted sexual harassment and created a hostile environment and invaded the privacy of the Plaintiff.

36.   As a consequence of the actions of Defendant Paul Gunnoe and Defendant Travel Nurse Solutions, LLC, causing Plaintiff's privacy to be invaded, Plaintiff has suffered mental anguish and physical injury.

37.   Defendant Paul Gunnoe who is an employee of Defendant Travel Nurse Solutions, LLC, made statements to and undertook actions toward Plaintiff of a sexual, intimate and personal nature that were objectionable and intrusive. The conduct toward Plaintiff was continuous, crude, offensive, intrusive, objectionable, prying and constituted an objectionable intrusion into Plaintiff's private affairs or concerns.

38.   The actions of Defendants Travel Nurse Solutions, LLC and Paul Gunnoe constitute a wrongful intrusion upon the solitude and/or seclusion of Plaintiff in such a manner as to outrage and/or cause mental suffering, shame or humiliation to a person of ordinary sensibilities and Defendant Paul Gunnoe, was at all times relevant hereto, an employee and agent of Travel Nurse Solutions, LLC.

39.   Plaintiff avers Defendant Travel Nurse Solutions, LLC ignored Plaintiff's complaints and authorized, ratified and/or condoned the actions of Defendant Paul Gunnoe, its male supervisory/managerial employee, which amounted

11

to invasion of privacy. Defendants Travel Nurse Solutions, LLC and Paul Gunnoe are guilty of invasion of privacy.

40. By reason of each and every act of Defendants, Plaintiff was subjected to invasion of privacy, causing irreparable damage to Plaintiff by causing Plaintiff to suffer physical distress and mental anguish.

### PRAYER FOR RELIEF AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC AND DEFENDANT PAUL GUNNOE

WHEREFORE Plaintiff demands judgment against Defendants Travel Nurse Solutions, LLC and Paul Gunnoe for an award of compensatory and punitive damages as deemed just by a struck jury, plus court costs, interest, attorney fees, and any and all relief to which she may be entitled.

### COUNT FOUR

### TORT OF OUTRAGE CLAIMS AGAINST DEFENDANT TRAVEL NURSE SOLUTIONS, LLC AND DEFENDANT PAUL GUNNOE

41. Plaintiff adopts and realleges the allegations of paragraphs one (1) through forty (40) as if fully set forth herein.

42. This claim is brought against Defendant Travel Solutions, LLC and Defendant Paul Gunnoe for engaging in such outrageous conduct.

43. Defendant Travel Nurse Solutions, LLC and Defendant Paul Gunnoe outrageously and intentionally inflicted emotional distress upon Plaintiff by allowing

12

and continuing to allow Plaintiff to be repeatedly subjected to assault and battery as well as abusive, harmful, and hurtful comments, while Plaintiff attempted to carry out her job duties.

44.   Defendant Travel Nurse Solutions, LLC authorized, ratified and/or condoned the actions of Defendant Paul Gunnoe, its male supervisory/managerial employee, which amounted to the tort of outrage. Defendant Paul Gunnoe, a male supervisory/managerial employee is employed by Defendant Travel Nurse Solutions, LLC, and engaged in sexually offensive conduct and conduct that invaded Plaintiff's privacy which has amounted to the tort of outrage.

### PRAYER FOR RELIEF AGAINST DEFENDANT TRAVEL SOLUTIONS, LLC AND DEFENDANT PAUL GUNNOW

WHEREFORE Plaintiff demands judgment against Defendant Travel Nurse Solutions, LLC and Defendant Paul Gunnoe  for an award of compensatory and punitive damages as deemed just by a struck jury, plus costs, interest, attorney fees, and any and all relief to which she may be entitled.

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

CYNTHIA FORMAN WILKINSON
State Bar I.D. No.: ASB-9950-L68C
Attorney for Plaintiff

13

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
Ste. 811, New South Federal Bank Building
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

LARRY R. MANN
Attorney for Plaintiff

**OF COUNSEL:**
Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel:  (205) 326-6500
Fax: (205) 324-8660
E-mail: LarryMann@aol.com

**PLAINTIFF'S ADDRESS**:
Ms. Jamie Goodgame
c/o WILKINSON LAW FIRM, PC
Ste. 811, New South Federal Svgs Bldg
215 North Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANTS AT:**

TRAVEL NURSE SOLUTIONS, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104

PAUL GUNNOE
3500 Blue Lake Drive, Suite 290
Birmingham, AL 35243

14